UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARCUS RAFFIELD**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 06-10758**

**Y&S MARINE INC., JAMES SYLVE, AND**                            **SECTION B(1)**
**SUPERIOR ENERGY SERVICES, INC.**

### ORDER AND REASONS

Before this Court is Plaintiff's Motion for Partial Summary Judgment regarding the presumption of fault (Rec. Doc. No. 82). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED.**

### *BACKGROUND*

Plaintiff, Marcus Raffield, filed suit on December 4, 2006, alleging that his claims arise pursuant to the Jones Act, 46 U.S.C. § 688 and/or the general maritime law. Plaintiff made claims against Defendant Y & S, alleging *inter alia* that Mr. Raffield's injuries (neck, back, wrist and arm) were caused by the negligence of Y & S and/or the unseaworthiness of the M/V ANITA D. Plaintiff has dismissed Y & S Marine, Inc. as party with regard to all other claims except for maintenance and cure benefits. Plaintiff also dismissed its claims against James Sylve. The allegations waged by Plaintiff derive from the December 5, 2005 allision involving the L/B Superior Goal and the stationary M/V Anita D which occurred on December 5, 2005.

Defendant Y & S employed Plaintiff Marcus Raffield from November 30, 2005 through February 2006. During his employment, Plaintiff served as a captain and member of the crew of the M/V Anita D. On December 5, 2005 Plaintiff was aboard the M/V Anita

1

D as a passenger in training. The M/V Anita D was under the control of Captain, James Sylve. Ordinarily, Plaintiff piloted the M/V Miss Kristen, but above average wind conditions did not permit its operation on that day.

The M/V Anita D was docked to a material barge in Lonesome Bayou due to extremely high winds and poor weather conditions that made navigation of the vessel too dangerous. At approximately 3:00pm, the L/B Superior Goal radioed the M/V Anita D, asking that the vessel move to an adjacent barge so that the L/B Superior Goal could access the material barge where the M/V Anita D was docked. Despite the severe weather conditions, Captain James Sylve complied with the request and docked the M/V Anita D at another material barge.

While the L/B Superior Goal was attempting to access the material barge, it allided into the M/V Anita D, causing substantial damage to the vessel and injuring crew members, including Plaintiff. Just as the L/B Superior Goal allided with the M/V Anita D, Plaintiff warned the crew of the impending allision.

At the time of the allision, Captain Walter Lopez piloted the L/B Superior Goal. The vessel lacked wind gages at the time of the allision, and there is no clear indication of the speed of the winds.

Plaintiff contends that there is a presumption of fault against a moving vessel that allides with a visible stationary object. This presumption operates to shift the burden of proof onto the moving vessel. Plaintiff contends that the moving vessel has failed to rebut this presumption by showing by a

preponderance of the evidence that the collision was (1) the fault of the stationary object, (2) that the moving ship acted with reasonable care, or (3) the collision was an unavoidable accident.

Defendant Superior Energy Services, Inc. alerts the Court of the untimely filing of Plaintiff's Motion for Partial Summary Judgment; Plaintiff filed his motion one day outside of the time limits set forth in the Court's scheduling order.  Second, Defendant introduces the Pennsylvania Rule as applicable to the present case.  The Pennsylvania Rule attributes sole or contributory fault to a vessel that is in actual violation of a statutory rule intended to prevent collisions when the violating vessel fails to show that it could not have been at fault.  Defendant cites violations of Rules 5, 7, 8 and 34 of the Inland Navigational Rules, as well as the violation of 46 U.S.C. §3313 as the basis for the use of the Pennsylvania Rule. Finally, Defendant alleges that a material factual dispute remains as to whether the allision resulted from the fault of the stationary object, which allegedly did not warn the L/B Superior Goal of its position via radio, horn or other signal.

### DISCUSSION

**A. Summary Judgment**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55

(1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.  Presumption of Fault**

Under Maritime law, a moving ship is presumed to be at fault when it collides with a stationary object. *American Petrofina Pipeline Co. V. M/V Shoko Maru*, 837 F.2d 1324, 1326 (5th Cir. 1988); *The Oregon,* 158 U.S. 186, 192-93, 15 S. Ct. 804, 807, 39 L.Ed. 943 (1895). This presumption shifts the burden of proof (both the burden of producing evidence and the burden of persuasion) onto the moving vessel. *American Petrofina,* at 1326; *James v. River Parishes Co.,* Inc., 686 F.2d 1129, 1131-33 (5th Cir. 1982). The moving ship may rebut the presumption by showing by a preponderance of the evidence that the collision was (1) the fault of the stationary object, (2) that the moving ship acted with reasonable care, or (3) that the collision was an

4

unavoidable accident.  *Bunge Corp. v. M/V Furness Bridge,* 558 F.2d 790, 795 (5th Cir. 1977), *cert denied* 435 U.S. 924, 98 S. Ct. 1488, 55 L.Ed.2d 518 (1978).

The presumption of fault detailed above, derived from *The Oregon*, does not stand alone in informing presumptions of fault in maritime cases.  The Pennsylvania Rule allocates the burden of proof to the vessel in violation of statute in maritime cases.  In order to escape liability for loss, the party in violation of statute or regulation must prove not just that its violation probably was not, but "in fact could not have been the cause of the collision."  *Pennzoil Producing Co. V. Offshore Exp., Inc.,* 943 F.2d 1465, 1471–1472 (5th Cir. 1991).  The Pennsylvania rule does not stand for the proposition that every vessel guilty of a statutory fault has the burden of establishing that its fault could not have had any causal relation to a collision.  *American River Transp. CO. V. Kavo Kaliakra SS*, 148 F.3d 446 (5th Cir. 1998).  There must be a clear legal duty, not regulations that require judgment and assessment of a particular circumstance.  *Tokio Marine & Fire Ins. Co., Ltd. v. Flora MV,* 235 F.3d 963 (5th Cir. 2001).

Defendant has alleged that the presumption of fault usually allocated to the moving ship under *The Oregon* rationale of presumption is rebutted by the facts supporting that the allision resulted from the fault of the stationary M/V Anita D.  Defendant cites the M/V Anita D's failure to warn the L/B Superior Goal of its position either through radio horn or other signal.  In addition, Defendant also highlights the failure of Captain Sylve to properly warn his crew to assist with the unmooring of the

vessel as a basis for fault from the stationary M/V Anita D. *In re TT Boat Corp*, represents an analogous case where the stationary object's failure to warn the approaching vessel resulted in the denial of the motion for summary judgment based upon the *Oregon* rationale of presumption. 1999 WL 123810 (E.D.La 3/3/99).

In addition to presenting evidence rebutting *The Oregon* presumption, The Pennsylvania Rule further supports the denial of partial summary judgment. In particular, Defendant asserts that Captain Sylve violated Rule 34 of the Inland Navigational Rules, 33 U.S.C. § 2034 by failing to sound a danger signal prior to the collision. Defendant alleges that the M/V Anita D's non-compliance with Rule 34 may have caused or contributed this accident. In addition, Defendant alleges that the violation of Rule 5 of the Inland Navigational Rules as another example of how The Pennsylvania Rule might attribute presumptive fault to the M/V Anita D as being in violation of statute designed to avoid collisions. *In Transco Syndicate No. 1 v. Basin Marine, Inc.*, the Eastern District Court found fault with the moored vessel because of its violation of Rule 5 of the Inland Navigational Rules that provides that every vessel should maintain proper lookout by sight and hearing to avoid the risk of collision. Defendant cites Captain Sylve's own deposition testimony and highlights the curtains over the black glass of the M/V Anita D wheelhouse as support for its failure to maintain a proper lookout. 33 U.S.C.A § 2005; 1998 WL 774173 (E.D.La 10/30/98). Finally, Defendant makes similar allegations with regard to alleged violations of Rules 7 and 8 of the Inland Navigational

Rules that further illustrate the points above.  The evidence presented by Plaintiff does not confirm that the alleged statutory violations could not have been the cause of the collision as required by The Pennsylvania Rule.  *See Pennzoil*, at 1471-1472.  Consequently, the grant of partial summary judgment is improper under The Pennsylvania rule.  Moreover, due to the factual disputes regarding the fault of the stationary M/V Anita D highlighted above, partial summary judgment regarding The Oregon presumption of fault would likewise be improper.

For these reasons stated above, **IT IS ORDERED** that Plaintiff's Motion for Partial Summary is **DENIED.**

New Orleans, Louisiana this 5th March, 2008.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE